# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO HARRIS, | CASE NO. 1:11-cv-00111-SKO PC |
| Plaintiff, | SCREENING ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST |
| v. | |
| STEVEN SMITH, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Lonzo Harris, state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 21, 2011. For the reasons set forth below, this action is dismissed, without prejudice, based on Plaintiff's failure to exhaust prior to filing suit.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

///

///

1

1   Plaintiff alleges that on December 29, 2010, Defendant Smith rescinded all of his disability
2   chronos and that act is the basis for Plaintiff's claim in this action. (Comp., §IV.) Plaintiff alleges
3   that he filed an inmate appeal but he did not receive any response to the appeal. (Id., § III.)

4   Assuming Plaintiff filed an inmate appeal on December 29, 2010, the earliest date possible,
5   he still filed suit prematurely.[1] Prison officials have fifteen working to respond to an appeal and the
6   fifteenth day fell on January 21, 2011. Cal. Code Regs., tit. 15 § 4003(j). Whether prison officials
7   ultimately failed to timely respond to Plaintiff's appeal and if so, whether their lack of a timely
8   response provides a ground for arguing that the appeals process was rendered unavailable, Plaintiff
9   may not avail himself of that argument in this action because he filed suit before waiting for the
10  fifteen-day time period to expire. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez
11  v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010).

12  Because it is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting
13  his administrative remedies, this action is HEREBY DISMISSED, without prejudice, for failure to
14  comply with 42 U.S.C. § 1997e(a). Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A
15  prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . .").

19  IT IS SO ORDERED.

20  **Dated:   February 9, 2012**                    /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's complaint was dated January 17, 2011, and it was received the morning of January 21, 2011, at the court. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

2